**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:18CR516 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE JAMES GWIN |
| vs. | : | |
| | : | |
| LAINI A. WOODS, et al., | : | **LAINI WOODS'S** |
| | : | **SENTENCING MEMORANDUM** |
| Defendant. | : | |

Laini Woods submits this memorandum to address outstanding objections and advise the Court of matters relevant for sentencing.

**I.   Facts**

Ms. Woods works as an outreach manager, hiring and training new employees for a company that assists people in getting healthcare coverage. PSR ¶ 59. Her mother worked for Mt. Sinai Hospital. PSR ¶ 52. Her father was a police officer, but he moved to California when Ms. Woods was around 10 years old. PSR ¶ 51. Her stepfather physically abused her mother. PSR ¶ 52. When Ms. Woods was 18, her mother was murdered by an unknown assailant; she left for work one morning and never came back. *Id.*

Ms. Woods has two sons, both now adults. PSR ¶ 53. She raised them largely on her own, without any financial support from their father. *Id.* She had a long-term relationship with a man who became the boys' father figure, but he died from a heart condition when they were adolescents. *Id.*

From 2012 to 2016, Ms. Woods and her brother prepared tax returns for friends, acquaintances, and others referred to them. On many of the returns, they falsified income and tax-credit information to increase tax refunds. Plea Agreement Attach. A, ¶ 6. They kept some of

1

the money, and the client kept the rest. *Id.* ¶ 9. The false refunds totaled $128,631. *Id.* ¶ 9. Ms. Woods pleaded guilty to conspiracy to defraud the government with respect to claims, 18 U.S.C. § 286. Plea Agreement, ¶ 11. She accepts responsibility for her conduct and intends to work to pay back the full amount. PSR ¶ 28.

**II.    Sentencing Guidelines**

The plea agreement correctly calculates Ms. Woods's total offense level as 14. Her criminal history category is I. After a two-level adjustment for acceptance of responsibility, her advisory guidelines range is 10-15 months, which falls within Zone C and permits a split sentence of incarceration and house arrest.

Although the PSR calculates Ms. Woods's total offense level as 16 before acceptance of responsibility, it improperly includes two points for using a means of identification unlawfully to produce or obtain another means of identification. The plea agreement does not include that enhancement because it is not consistent with the evidence.

Most of her clients did not dispute that they agreed to have Ms. Woods submit tax returns for them. Some said that she used their information without their knowledge, though. The indictment originally charged Ms. Woods with eight counts of identity theft (based on two alleged victims), *see* Indictment ¶¶ 16-27, and the PSR identifies additional alleged identify-theft victims, *see* PSR ¶ 25.

Ms. Woods maintains that she did not use anyone's information without their knowledge, and the alleged victims' stories—disclaiming any knowledge or responsibility for the false tax returns—have fallen apart upon further investigation. The two alleged victims in the indictment, S.L. and C.H., originally told law enforcement that they did not know Ms. Woods or her brother.

But defense investigators located a witness who had been to C.H.'s house and confirmed that she met with Ms. Woods. Similarly, S.L. eventually admitted to law enforcement that she knew Ms. Woods and had given her information to file tax returns, but changed her story to say that she didn't authorize Ms. Woods to file returns in later years.

Defense investigators attempted to locate and contact the other alleged identity-theft victims identified in the PSR. They were largely unsuccessful. Most did not answer the door or return phone calls. One alleged victim, A.J., never responded to inquiries, but investigators interviewed her sister. A.J.'s sister, who also had Ms. Woods file her tax returns, confirmed that A.J., too, knew Ms. Woods and had Ms. Woods file her tax returns.

The PSR no longer endorses the alleged identity-theft victims' original stories (that they never knew Ms. Woods), but claims that the two-point enhancement still applies because, although they originally used Ms. Woods and her brother to file their taxes, they didn't authorize filing in later years. PSR ¶ 26. But to the extent that the defense has been able to investigate, those stories also fall apart. For example, the PSR lists S.J. as an identity-theft victim. PSR ¶ 25. Discovery materials reveal that S.J.'s refund identified in the PSR was based on her 2012 tax return. Although Ms. Woods did not retain all of her clients' tax documents, she retained a copy of the 2012 W-2 that S.J. provided her, demonstrating that Ms. Woods did not file S.J.'s taxes without her knowledge. (A copy will be made available at sentencing for the Court's inspection.)

The Court should not apply the two-point enhancement where: (1) defense investigation revealed that alleged victims were not truthful; (2) the remaining alleged victims cannot be reached; and (3) the government conceded evidentiary weaknesses in the identity-theft charges and agreed to a guideline calculation without the enhancement.

**III.     Additional Relevant Factors**

As set forth and documented in Ms. Woods's motion to continue sentencing and supplement, she has served as the primary support person for her uncle while he tries to qualify for a kidney transplant. By August, he is scheduled to complete all the necessary steps to become eligible. Ms. Woods requests that she be allowed to report for any custodial portion of her sentence in September 2019 or after, and that the conditions of any non-custodial portion of her sentence allow her to accompany him to additional medical appointments and provide any necessary in-home care.

**IV.     Conclusion**

Ms. Woods asks the Court to find that her correct advisory guidelines range is 10-15 months, in Zone C, and be lenient when sentencing her.

>                Respectfully submitted,
>
>                STEPHEN C. NEWMAN
>                Federal Public Defender
>                Ohio Bar: 0051928
>
>                */s/Darin Thompson*
>                DARIN THOMPSON
>                Assistant Federal Public Defender
>                Ohio Bar: 0067093
>                Office of the Federal Public Defender
>                1660 West Second Street, Suite 750
>                Cleveland, OH 44113
>                (216)522-4856   Fax:(216)522-4321
>                E-mail: darin_thompson@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2019, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/Darin Thompson*
DARIN THOMPSON (#0067093)
Assistant Federal Public Defender